IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 18-cv-00865-PAB-MEH

ESTATE OF MARCIANO BRIONES, et al.,

    Plaintiffs,

v.

DARIUS ARDREY, in his individual capacity,

    Defendant.

_____

**ORDER**
_____

This matter is before the Court on the Defendant's Motion in Limine Re Disciplinary History [Docket No. 199].

On September 9, 2016, Marciano Briones was booked into the Adams County Detention Facility in Adams County, Colorado after being found guilty of driving under the influence. Docket No. 171 at 2, ¶¶ 1-2. On December 25, 2016, Mr. Briones felt ill and was seen by a nurse in the medical unit. *Id.* at 3, ¶ 8. On December 27, 2016, Mr. Briones's condition worsened to the point where a medical unit was called in the early hours of the morning. Docket No. 171 at 5, ¶ 34. Mr. Briones was pronounced dead that night. *Id.* at 7, ¶ 38

Plaintiffs, who are the estate of Mr. Briones and the estate's representatives, filed this lawsuit on April 12, 2018. *See* Docket No. 1. In their fourth amended complaint, plaintiffs brought claims against several defendants pursuant to 42 U.S.C. § 1983 for deliberate indifference to Mr. Briones's medical needs. Docket No. 128 at

48. On October 29, 2020, the Court dismissed all claims except that against defendant in his individual capacity. See Docket No. 196.

Defendant seeks to preclude plaintiffs from introducing evidence regarding defendant's Sheriff's Office disciplinary history, which includes a disciplinary report regarding Mr. Briones's death. See Docket No. 199. Specifically, defendant seeks to exclude unrelated internal affairs investigations regarding inappropriate contact with an inmate and an allegation of excessive force, as well as the results of an internal affairs investigation that found that defendant violated three internal policies in failing to check on Mr. Briones. See id. at 3.

First, plaintiffs have agreed not to introduce evidence regarding disciplinary history unrelated to Mr. Briones's death, unless defendant denies having ever been disciplined. Docket No. 202 at 8 n.3. Moreover, the Court rules that plaintiffs may not ask defendant whether he has ever been disciplined in an attempt to open the door to impeaching him with these incidents.

Second, as to the disciplinary report following Mr. Briones's death, the Court agrees that introduction of the disciplinary report should be excluded pursuant to Rule 403. Rule 403 permits a court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Were plaintiffs permitted to introduce the internal investigative report, which found that defendant violated Sheriff's office policies, the jury may make a decision based "on an improper basis," that is, that violation of the county's internal policy has some bearing on whether defendant

committed a constitutional violation. *United States v. Irving*, 665 F.3d 1184, 1213 (10th Cir. 2011) (citation omitted). *Tanberg v. Sholtis*, 401 F.3d 1151, 1163-65 (10th Cir. 2005), is instructive. There, the trial court excluded evidence of a police department's standard operating procedures and an internal report that the defendant violated those procedures, and the Tenth Circuit affirmed. *Id.* The Tenth Circuit noted that local police regulations should not be used "as a standard for evaluating constitutionality of police conduct," because that a particular police action "violated police department procedures does not make it more or less likely" that the action was unconstitutional, therefore rendering it irrelevant. *See id.* at 1163-64. Moreover, the Tenth Circuit determined that explaining internal procedures, and the relevant standards for those procedures, would be confusing and time consuming, particularly where those standards are nearly identical to the constitutional standard. *Id.* at 1164-65.

The internal affairs investigation found that defendant violated several policies regarding checking on Mr. Briones. *See* Docket No. 202 at 5; Docket No. 203-2. But whether defendant violated Sheriff office's policy would be either irrelevant or confusing to the jury's determination of whether defendant violated Mr. Briones's constitutional rights. If the internal standard is different from the constitutional standard, the fact that defendant violated that standard "does not make it more or less likely" that he also violated the constitution. *Tanberg*, 401 F.3d at 1164. And, if the standards are similar or identical, explanation and introduction of those standards would insert confusion into the trial, "tempting the jury to concluded that if experienced police officers" believed defendant violated standards that are "the same standards as the law," then defendant

3

"must also have violated legal requirements." *Id.* at 1165,  This is particularly true given that "[d]efendant Ardrey acknowledges that he did not go check on Mr. Briones." Docket No. 204 at 4.  Thus, an internal affairs investigation, which concludes that defendant violated Sheriff's office policy and that defendant failed to check on Mr. Briones, has a substantial risk of leading the jury to resolve the constitutional question here based on an improper purpose, and could confuse the jury into thinking that the violation of the policy is somehow relevant to the constitutional claim.[1]  Accordingly, the Court will preclude plaintiffs from introducing or asking defendant about the internal affairs investigation regarding Mr. Briones, except to the extent defendant made statements or admissions regarding factual matters.

It is therefore

---

[1] Plaintiff also argues that the report is necessary for the jury to consider punitive damages.  *See* Docket No. 202 at 7 n.2.  However, plaintiff cites a decision on Florida state law for the proposition that courts "regularly consider[] acts other than the acts giving rise to the defendant's liability to the plaintiff," which has no bearing on the Federal Rules of Evidence.  *See id.* (quoting *Stockett v. Tolin*, 791 F. Supp. 1536, 1557-58 (S.D. Fla. 1992)).  While "reckless or callous disregard for the plaintiff's rights, as well as intentional violations of federal law" may trigger the consideration of punitive damages, *see Smith v. Wade*, 461 U.S. 30, 51 (1983), the violation of Sheriff office's policy should still be excluded for punitive damages for the same reason it is for the substantive claim: it either would be irrelevant to the constitutional standard if it was different and confusing if it was the same.

**ORDERED** that Defendant's Motion in Limine Re Disciplinary History [Docket No. 199] is **GRANTED**.

DATED September 14, 2021.

                                              BY THE COURT:

                                              _____
                                              PHILIP A. BRIMMER
                                              Chief United States District Judge